```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ELINORE J. RUBEN                 :     CIVIL ACTION
                                 :
          v.                     :
                                 :
UNITED STATES OF AMERICA, et al.:      NO. 12-1013

MEMORANDUM

Bartle, J.                                      January 17, 2013

      Plaintiff Elinore J. Ruben, a citizen of Pennsylvania, has sued defendants United States of America and Beyer Blinder Belle, P.C. a/k/a Beyer Blinder Bell Architects & Planners LLP ("BBB"), related architectural firms,[1] for damages she sustained as a result of an allegedly hazardous condition at the museum at the Ellis Island National Monument in New York City. Plaintiff claims she suffered serious injuries as a result of the negligence and recklessness of defendants when she fell over a protruding metal doorstop during a visit to the museum. According to the amended complaint, BBB designed the placement of the doorstop in issue.

      The defendant BBB has moved to dismiss the amended complaint on the grounds that the Pennsylvania statute of repose has abolished the claims against it and that this court does not have personal jurisdiction over it.

---

1. According to defendant, all architectural services are rendered by Beyer Blinder Bell Architects & Planners LLP and all operations are paid through Beyer Blinder Belle, P.C.

I.

We first turn to the issue of whether the court has personal jurisdiction over BBB. The court permitted the parties a limited period of discovery on this question.

It is undisputed that BBB has its place of business in New York City. While it has no office, bank accounts, or property in Pennsylvania, it does perform architectural services for clients in the Commonwealth. It is currently engaged in projects at Lehigh University in Bethlehem, Longwood Gardens in Kennett Square, and the former Schmidt's Brewery in Philadelphia. Its total revenue derived from projects in Pennsylvania from 2008 until early 2013 amounts to $1,921,056 while its total revenue earned in other states during the same period totals $179,449,973.

The Pennsylvania long arm statute provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States." See 42 Pa. Cons. Stat. Ann. § 5322(b). Under the Due Process Clause, we may exercise personal jurisdiction over a defendant only to the extent that it has "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted). The defendant's contacts with the forum state must be such that it "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A federal district court may exercise personal jurisdiction over a nonresident defendant based on either general jurisdiction or specific jurisdiction. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." Marten, 499 F.3d at 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984)). See also, 42 Pa. Const. Stat. Ann. § 5301(a)(2). Specific jurisdiction attaches when the claim arises from or relates to conduct purposely directed at the forum state. Marten, 499 F.3d at 296 (citing Hall, 466 U.S. at 414-15 & n.9). See also, 42 Pa. Const. Stat. Ann. § 5322. Plaintiff asserts only general jurisdiction.

While the percentage of revenue earned for its services in Pennsylvania is small compared to the percentage of its revenue earned in other states, its earnings here of almost $2,000,000 is not de minimus. The services performed for its Pennsylvania clients are central, and not peripheral, to BBB's core business, and the institutions or sites for which the work has been done are well known or have high profiles. BBB, a large architectural firm, has sufficient contacts with this forum so that its presence here as a defendant in a lawsuit by a Pennsylvania plaintiff for allegedly faulty work done at a place in New York City visited by many thousands of people does not offend traditional notions of fair play and substantial justice. Its contacts with the Commonwealth have been continuous, systematic and substantial for a number of years so that it may

reasonably be expected to be "haled into court in the forum state." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 438 (3d Cir. 1987).

Accordingly, this court has general jurisdiction over BBB, and its motion to dismiss the amended complaint on this ground will be denied.

II.

BBB also moves to dismiss because, in its view, plaintiff's claims against it have been abrogated by the Pennsylvania statute of repose, 42 Pa. Cons. Stat. Ann. § 5536. It provides in relevant part:

> a) General rule.--Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:
>
> > (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.
> >
> > (2) Injury to property, real or personal, arising out of any such deficiency.
> >
> > (3) Injury to the person or for wrongful death arising out of any such deficiency.
> >
> > (4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

42 Pa. Cons. Stat. Ann. § 5536. Under a statute of repose, a cause of action is abolished and not simply barred as would occur with a statute of limitations. Noll v. Harrisburg Area YMCA, 643 A.2d 81, 84 (1994).

The relevant underlying facts are not in issue. The restored museum at Ellis Island National Monument re-opened in 1990. Plaintiff did not incur her injuries on a doorstop in the museum designed by BBB until September 26, 2012, some 22 years later. If the Pennsylvania statute of repose is applicable, plaintiff has no claim against BBB.

We begin our analysis by noting that plaintiff has sued the United States, the co-defendant, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). It grants the United States District Court exclusive jurisdiction

> of civil actions on claims against the United States, for money damages, ... for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

It is undisputed that the accident occurred in the State of New York. Thus, the FTCA requires this court to apply the law of that state, including its choice of law rules, in an action against the United States. Richards v. United States, 369 U.S. 1, 11-16 (1962). New York has adopted the "center of

-5-

gravity" or "grouping of contacts" theory of conflict of laws. Neumeier v. Kuehner, 286 N.E. 2d 454 (N.Y. 1972); Babcock v. Jackson, 191 N.E. 2d 279 (N.Y. 1963).

While the FTCA applies to claims against the United States, it does not encompass claims against BBB, a private party. Section 1346(c) does provide for jurisdiction over "any set-off, counterclaim or other claim or demand whatsoever on the part of the United States against any plaintiff commencing an action under this section," but the claims by plaintiff against BBB do not fit within this subsection.

The court has subject matter jurisdiction over BBB, however, based on diversity of citizenship since plaintiff is a citizen of Pennsylvania, and none of the partners of Beyer Blinder Bell Architects & Planners LLP are Pennsylvania citizens, and Beyer Blinder Belle, P.C. is neither a Pennsylvania corporation nor has its principal place of business here. Although the FTCA requires the court to apply New York law including its choice of law rules to the claims against the United States, it does not govern as to the law applicable to the claims against BBB. Instead, we must follow the analysis required for a diversity action and look to the law of Pennsylvania, the forum state, including its choice of laws rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

In Griffith v. United Air Lines, Inc., 203 A.2d 796 (Pa. 1964), Pennsylvania abandoned the rigid "lex loci delecti,"

that is, the place of injury test and replaced it with a conflicts of laws rule which "permits analysis of the policies and interests underlying the particular issue before the court." Griffith, 203 A.2d at 805. We must apply the law of the forum with "the most interest in the problem." Id. at 806.

The accident here, as noted above, happened in New York, which is also the domicile of BBB, the alleged tortfeasor. The plaintiff, the injured party, is domiciled in Pennsylvania. New York has a strong interest in deterring wrongdoing on the part of its architects and in preventing personal injuries to anyone within its borders.

Pennsylvania, unlike New York, has a statute of repose abolishing claims such as those brought by plaintiff.[2] Under its statute of repose, Pennsylvania seeks to protect architects, builders, and similar professionals from claims for injuries where the deficiency in the design, planning, supervision, observation of construction and construction of improvement relates to real property and where the deficiency occurred long ago. Noll, 643 A.2d at 85. Nonetheless, Pennsylvania has no real interest in preventing recovery of damages by one of its citizens from an out-of-state architect for a wrong committed out of state by that architect.

---

2. New York has a three-year statute of limitations for personal injury actions, including those against architects. The statute begins to run on the date of the injury. See N.Y. C.P.L.R. 214; Cubito v. Kreisberg, 69 A.D.2d 738, 744 (N.Y. App. Div. 1979) (aff'd 415 N.E.2d 979 (N.Y. 1980)).

In sum, a false conflict exists since "only one jurisdiction's government interest would be impaired by the application of the other jurisdiction's law." Lejeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996) (quoting Lacey v. Cessna Aircraft Co., 932 F.2d 170, 187 (3d Cir. 1991). That one state whose interest would be impaired is New York. Clearly, New York has "the most interest in the problem." Griffith, 203 A.2d at 806. We will apply its substantive law to the claims against BBB.

Thus, the motion of BBB to dismiss the amended complaint predicated on the Pennsylvania statute of repose will also be denied.